**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 01:23-cv-_____-___-___

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

v.

MIDWEST FARMS, LLC,

      Defendant.

---

### COMPLAINT AND JURY DEMAND

---

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 ("Title I") to correct unlawful employment practices on the basis of sex, to correct unlawful retaliation, and to provide appropriate relief to Andria Denny and other aggrieved employees who were adversely affected by such practices during their employment with Midwest Farms, LLC ("Defendant" or "Midwest Farms"). As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC") alleges that Denny and other aggrieved individuals were sexually harassed by male managerial officials, supervisors, and/or co-workers at Midwest Farms, including, but not limited to, unwelcome sexual requests, unwelcome verbal sexual harassment, and a male manager entering the women's dressing room unannounced, which created a hostile work environment for Denny and other female employees because of their sex.. The EEOC also alleges that Denny and other aggrieved individuals were forced to resign their employment because of the intolerable work conditions

they faced. Finally, the EEOC alleges that employees of Defendant suffered retaliation because of their opposition to unlawful employment practices.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2.      This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of Title I, 42 U.S.C. § 1981a.

3.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

## PARTIES

4.      Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5.      Midwest Farms is a Colorado limited liability company with its principal place of business at 290 14th Street, Burlington, CO 80807.

6.      At all relevant times, Midwest Farms has been continuously doing business in the State of Colorado.

7.      At all relevant times, Midwest Farms has had at least 15 employees.

8.      At all relevant times, Midwest Farms has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

9.      More than 30 days prior to the institution of this lawsuit, Denny filed a charge of discrimination with the EEOC alleging violations of Title VII by Midwest Farms.

10.      The EEOC provided Defendant with notice of the charge of discrimination.

11.      The EEOC investigated the charge of discrimination and Defendant participated in the investigation.

12.      On May 25, 2023, the EEOC issued Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated.

13.      The EEOC's determination included an invitation for Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

14.      The EEOC and Defendant were unable to reach an agreement through the conciliation process.

15.      On September 12, 2023, the EEOC issued a Notice of Failure of Conciliation to Defendant advising it that the agency was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

16.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## GENERAL ALLEGATIONS

17.      At all relevant times, Defendant owned and operated multiple farms located near or around Burlington, Colorado.

18.      Defendant's business includes raising hogs on a 9,000-acre rural site near Burlington.

19.     On or about September 14, 2018, Defendant hired Denny to work as a Floater/Swine Production Trainee at its Swine Production Farm.

20.     Denny's job duties included transporting hogs of various sizes between buildings, feeding and caring for hogs, and performing cleaning at the buildings where the hogs were housed.

21.     Because Denny worked directly with hogs, Defendant required Denny to comply with its Biosecurity Management Plan, which mandated employees to "shower-in" at the start of the workday.

22.     Denny was required to remove her street clothes and shoes, shower, and change into work attire furnished by Defendant.

23.     During all relevant times, Harley Jay Briegel was Denny's manager and supervisor.

24.     On at least three separate occasions, Briegel entered the women's dressing room without knocking or announcing his presence while Denny was undressing or undressed.

25.     The first incident occurred on or about September 10, 2018, when Briegel entered the women's dressing room without knocking while Denny was undressing.

26.     On or about October 7, 2018, Briegel walked into the women's dressing room a second time while Denny was undressed.

27.     This time, Denny was taking a shower, which Briegel observed.

28.     During the third incident, which occurred on or about November 7, 2018, Denny was sitting in the dressing room waiting for her employer-issued uniform and undergarments to dry following Defendant's sanitary requirements when working with swine.

29.     Briegel entered the dressing room unannounced and demanded that Denny report to her worksite.

30.     Denny yelled at Briegel for entering the dressing room and stated she was waiting for her uniform and undergarments to dry before entering the swine area.

31.     In response, Briegel forced Denny to work the remainder of her shift in a men's sized-medium jumpsuit, which did not fit properly, and without undergarments.

32.     Embarrassed and humiliated by this experience, Denny called Defendant's main office to complaint about Briegel's behavior.

33.     Denny spoke to Office Assistant Kelly Soncksen, who relayed Denny's complaint to Production Manager Doran Soncksen.

34.     Production Manager Soncksen told Denny, indirectly through Office Assistant Soncksen, that Denny should "work things out" with Briegel on her own.

35.     When Defendant's management did nothing to stop the sexual harassment Denny reported, she realized her employer would do nothing to protect her from a manager who was sexually harassing her.

36.     In addition to the unrelenting sexual harassment, management's failure to address Denny's sexual harassment complaint made working conditions for her intolerable and hopeless.

37.     Denny was forced to resign from Midwest Farms, and she did so on or around November 7, 2018.

**<u>Other Aggrieved Individuals</u>**

38.     Like Denny, other female employees were sexually harassed by managerial officials, supervisors, and/or co-workers at Midwest Farms.

39.     Like Denny, other female employees were subjected to a hostile work environment because of sex at Midwest Farms.

40.     Other female employees were subjected to unwelcome sexual requests, sexual advances, vulgar sexual language, and sexual propositions by male managerial officials, supervisors, and/or co-workers at Midwest Farms.

41.     Other female employees were subjected to unwelcome sexual conduct and/or touching by male managerial officials, supervisors, and/or co-workers at Midwest Farms.

42.     For instance, Oscar Corona, one of Defendant's managers, regularly subjected female employees to vulgar sexual language and sexual propositions.

43.     Corona would also kiss female employees in front of other employees.

44.     Like Denny, other female employees at Midwest Farms complained about sexual harassment and/or retaliation by managerial officials, supervisors, and/or co-workers.

45.     Despite complaints from female employees about sexual harassment and retaliation, Midwest Farms failed to take adequate corrective and remedial steps to correct or prevent the harassment and retaliation.

46.     Midwest Farms also retaliated against employees after they complained about harassment or retaliation, including subjecting them to adverse terms and conditions of employment and retaliatory discharge.

47.     For instance, when one female employee opposed her manager's sexual harassment by rejecting his sexual advances, the manager retaliated against her by giving her the most difficult jobs and schedules.

48.     This same female employee was later discharged by Midwest Farms because she complained about sexual harassment and retaliation to management and Human Resources.

## STATEMENT OF CLAIMS

49.     Since at least September 2018, Defendant has engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e-3(a).

### FIRST CLAIM FOR RELIEF
#### Harassment/Hostile Work Environment
#### (42 U.S.C. § 2000e-2(a)(1))

50.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

51.     Defendant discriminated against Denny and other aggrieved female employees in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by harassing them and creating a hostile work environment because of their sex, female.

52.     The offensive conduct described in the preceding paragraphs was sufficiently severe or pervasive to alter the terms and conditions of employment for Denny and other aggrieved female employees.

53.     As a manager, the actions of Briegel constitute the actions of Defendant for which it is liable.

54.     As a manager, the actions of Corona constitute the actions of Defendant for which it is liable.

55.     Sexual harassment by other male managers of female employees likewise constitute the actions of Defendant for which it is liable.

56.     Defendant failed to take reasonable measures to prevent and promptly correct discriminatory or harassing behavior in the workplace.

57.     Defendant knew of, or in the exercise of reasonable care should have known of, the hostile or offensive work environment suffered by Denny and other aggrieved female employees because of their sex, female.

58.     Female employees at Midwest Farms complained to management and Human Resources about the hostile or offensive work environment, but Defendant negligently failed to take timely preventative or remedial actions.

59.     The effect of the practices complained of above has been to deprive Denny and other aggrieved female employees of equal employment opportunities and otherwise adversely affect their status as an employee because of their sex, female.

60.     The unlawful employment practices complained of above were intentional.

61.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Denny and other female employees of the Defendant.

## SECOND CLAIM FOR RELIEF
### Constructive Discharge
### (42 U.S.C. §§ 2000e-2(a)(1))

62.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

63.     Denny and other aggrieved employees who worked at Midwest Farms were constructively discharged in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

64.     Denny and other aggrieved employees faced working conditions so intolerable they reasonably felt compelled to resign.

65.     The effect of the practices complained of above has been to deprive Denny and other aggrieved employees of equal employment opportunities and otherwise affect adversely affect their status as employees because of their sex, female.

66.     The unlawful employment practices complained of above were intentional.

67.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Denny and other aggrieved employees of Defendant.

### THIRD CLAIM FOR RELIEF
**Retaliation**
**(42 U.S.C. § 2000e-3(a))**

68.     The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

69.     Defendant unlawfully retaliated against aggrieved employees in violation of 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discriminating against them for opposing and/or complaining about unlawful employment practices, including sexual harassment.

70.     Aggrieved employees who opposed the sexual harassment and/or the hostile work environment at Midwest Farms suffered adverse terms and conditions of employment and discharge because they engaged in protected activity by opposing the sexual harassment.

71.     Aggrieved employees who complained about sexual harassment and/or the hostile work environment at Midwest Farms suffered adverse terms and conditions of employment and discharge because they complained about sexual harassment.

72.     Aggrieved employees who complained about retaliation at Midwest Farms suffered adverse terms and conditions of employment and discharge because they complained about retaliation.

73.     Aggrieved employees suffered adverse terms and conditions of employment and discharge because they engaged in protected activity by opposing and complaining about harassment, discrimination, and retaliation.

74.     The effect of the practices complained of above has been to deprive aggrieved employees of equal employment opportunities and otherwise adversely affect their status as employees because they opposed and complained about unlawful employment practices.

75.     The unlawful retaliatory employment practices complained of above were intentional.

76.     The unlawful retaliatory employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of employees of Defendant.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex, including sexual harassment, and from retaliating against employees who oppose unlawful employment practices.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and for individuals who oppose unlawful employment practices and which eradicate the effects of the Defendant's past and present unlawful employment practices, including sex discrimination, sexual harassment, and retaliation.

C.     Order Defendant to make whole Denny and other aggrieved employees by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial,

and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices, including but not limited to lost wages, benefits, and compensation for all monetary losses of Denny and other aggrieved employees.

   D. Order Defendant to make whole Denny and other aggrieved employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of above, including emotional pain and suffering, in amounts to be determined at trial.

   E. Order Defendant to pay Denny and other aggrieved employees punitive damages for the Defendant's malicious and reckless conduct, as described above, in amounts to be determined at trial.

   F. Grant such further relief as the Court deems necessary and proper in the public interest.

   G. Award the EEOC its costs of this action.

## **<u>JURY TRIAL DEMAND</u>**

The EEOC requests a jury trial on all questions of fact raised by its complaint.

        Gwendolyn Young Reams
        Acting General Counsel

        Christopher Lage
        Deputy General Counsel

        Mary Jo O'Neill
        Regional Attorney
        Phoenix District Office

        Laurie Jaeckel
        Assistant Regional Attorney

_s/ Lauren Duke_
Lauren Duke
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
950 17th Street, Suite 300
Denver, CO 80202
lauren.duke@eeoc.gov

**PLEASE NOTE**: For purposes of service upon the EEOC, it is sufficient that pleadings, notices, and court documents be served upon the Trial Attorneys. Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.