IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02531-PAB-MDB

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

MIDWEST FARMS, LLC, and
MIDWEST CAPITAL SERVICES, LLC,

    Defendants.
_____

**ORDER**
_____

The matter before the Court is Plaintiff EEOC's Motion to Strike Affirmative Defenses [Docket No. 56]. Defendants Midwest Farms, LLC and Midwest Capital Services, LLC filed a response, Docket No. 64, and plaintiff replied. Docket No. 65. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I. BACKGROUND**

On September 28, 2023, plaintiff, the Equal Employment Opportunity Commission ("EEOC"), filed suit in this case. Docket No. 1. On December 26, 2023, the EEOC amended its complaint. Docket No. 22. The EEOC amended its complaint again on January 30, 2024. Docket No. 35. In the second amended complaint, the EEOC brings claims for alleged sexual harassment on behalf of Andria Denny and a class of similarly situated female employees of defendant Midwest Farms, LLC who

worked at the company's farms located near Burlington, Colorado.[1]  *Id.* at 1–2, 6, 8, ¶¶ 36, 38, 58–59.  The EEOC brings three claims against defendants under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 ("Title I"), namely, one claim of hostile work environment under 42 U.S.C. § 2000e-2(a)(1), one claim of constructive discharge under 42 U.S.C. § 2000e-2(a)(1), and one claim of retaliation under 42 U.S.C. § 2000e-3(a).  *Id.* at 9–13, ¶¶ 69–99.

On February 27, 2024, defendants filed separate answers to the second amended complaint.  Docket Nos. 49, 50.  In its answer, Midwest Farms, LLC includes the following twenty-seven affirmative defenses:

> 1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted against Defendant.
>
> 2. At all relevant times, Defendant acted in good faith without any intent to cause Ms. Denny or any of the members of the class of other alleged aggrieved individuals ("Class Members") any harm.
>
> 3. Ms. Denny and the Class Members were at-will employees whose employment with Defendant could have been terminated at any time, for any reason, with or without notice.
>
> 4. Ms. Denny's and the Class Members' injuries, damages, or losses, if any, were proximately caused in whole or in part by their own acts or omissions, either in combination with one another or independent of one another.
>
> 5. Ms. Denny's and the Class Members' injuries, damages, or losses, if any, were proximately caused by the acts or omissions of third parties over whom Defendant possessed no ability to control or right of control.
>
> 6. Defendant's actions were taken for legitimate nondiscriminatory and nonretaliatory reasons.
>
> 7. Defendant never took any adverse employment actions against Ms. Denny or any other Class Members.

---

[1] The EEOC alleges that defendants Midwest Farms, LLC and Midwest Capital Services, LLC "comprise a single employer/integrated enterprise" for purposes of the EEOC's claims.  Docket No. 35 at 4, ¶ 22.

2

8. Ms. Denny and/or the Class Members cannot establish a causal connection between their individual statutory or common law rights and any adverse employment action.

9. Upon information and belief, Ms. Denny and/or the Class Members may have failed to mitigate their damages, if any, as required by law.

10. At all times pertinent herein, Defendant acted in accordance with all common law, statutory, regulatory, and policy obligations and without any intent to cause Ms. Denny or the Class Members any harm.

11. Ms. Denny's and/or the Class Members' injuries and damages, if any, were not aggravated by any action or omission of or by Defendant nor were they proximately caused by or related to any act or omission of Defendant.

12. Plaintiff's, Ms. Denny's, and the Class Members' claims for damages are limited and/or subject to all applicable damages limitations and other similar provisions of both federal and Colorado law.

13. Plaintiff is not entitled to the relief sought in the Complaint under any of the theories asserted.

14. Some or all of Plaintiff's claims are barred by the doctrine of laches.

15. Ms. Denny and some or all of the Class Members never engaged in any protected activity.

16. Ms. Denny and the Class Members were not subject to any conduct that was severe or pervasive as a matter of law.

17. Ms. Denny and the Class Members cannot establish an objectively hostile work environment as a matter of law.

18. Ms. Denny and the Class Members' claims fail under the *Faragher-Ellerth* doctrine.

19. Defendant had effective policies and procedures for reporting complaints of harassment, discrimination, or retaliation, and Ms. Denny and the Class Members failed to avail themselves of these remedial avenues.

20. Defendant would have taken the same actions with respect to Ms. Denny's employment and/or the Class Members' employment in the absence of any alleged "protected activity."

21. Plaintiff's claims may be barred in whole or in part by the doctrines of consent, estoppel, waiver, or unclean hands.

3

22. Plaintiff may not seek relief on behalf of the Class Members beyond Ms. Denny and beyond the wrongdoing alleged in Ms. Denny's Charge of Discrimination because Plaintiff did not discover such class members and other alleged unlawful acts during its underlying investigation.

23. Plaintiff did not satisfy its administrative prerequisites with respect to Defendant.

24. Plaintiff did not provide legally sufficient notice to Defendant of the scope of the allegations or claims against it during Plaintiff's investigation.

25. Plaintiff failed in whole or in part to satisfy its statutory obligation to conciliate in good faith with Defendant before filing suit in violation of 42 U.S.C.[ ] § 2000e-5(b).

26. Defendant and Midwest Capital do not [comprise] a single employer and/or an integrated enterprise.

27. Defendant specifically reserves the right to amend its Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become applicable or non-applicable upon completion of additional discovery.

Docket No. 49 at 14–17, ¶¶ 1–27.  Midwest Capital Services, LLC, includes the same twenty-seven affirmative defenses in its answer, but in a different order.  *See* Docket No. 50 at 11–13, ¶¶ 1–27.

On March 19, 2024, the EEOC filed its motion to strike defendants' affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).  Docket No. 56.  The EEOC seeks to strike all of defendants' affirmative defenses except defenses two, nine, fourteen, and eighteen.[2]  *Id.* at 1.  On April 23, 2024, defendants responded, Docket No. 64, and the EEOC replied on May 7, 2024.  Docket No. 65.

---

[2] The Court will follow the parties' convention of referring to each affirmative defense by the number assigned to the defense in Midwest Farm, LLC's answer.  *See* Docket No. 56 at 1; Docket No. 64 at 4 n.2.

4

## II. LEGAL STANDARD

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions under Rule 12(f) are viewed with disfavor, both because striking a portion of a pleading is a drastic remedy and because such motions are often used as a dilatory or harassing tactic. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. updated 2024); *see, e.g.*, *Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006) (citing *FDIC v. Isham*, 782 F. Supp. 524, 530 (D. Colo. 1992)); *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007) ("Striking a party's pleading . . . is an extreme and disfavored measure."); *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) ("Motions to strike are generally disfavored because they are often used as delaying tactics." (quotation omitted)). Thus, motions to strike are typically granted only when the allegations have no bearing on the controversy and the movant can show prejudice. *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001). "An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Chavez v. Bd. of Cnty. Comm'rs of Lake Cnty.*, 423 F. Supp. 3d 1106, 1108 (D. Colo. 2019) (quoting *Isham*, 782 F. Supp. at 530; *see also S.E.C. v. Nacchio*, 438 F. Supp. 2d 1266, 1287 (D. Colo. 2006) ("A motion to strike an affirmative defense as insufficient is adjudicated under the same standard as a motion to dismiss: namely, the Court must strike the defense only if it cannot be maintained under any set of circumstances."). An affirmative defense "should not be stricken if there is any real doubt about its validity, and the benefit of any doubt should be given to the pleader." *Sender*, 423 F. Supp. 2d at 1163 (citation, alterations, and internal quotation marks

omitted).  Whether to strike a portion of a pleading is within the trial court's discretion.  *Scherer v. Dep't of Educ.*, 78 F. App'x 687, 689 (10th Cir. 2003) (unpublished) (reviewing a district court's ruling on a motion to strike for abuse of discretion); *Purzel Video GmbH v. Smoak*, 11 F. Supp. 3d 1020, 1030–31 (D. Colo. 2014); *see also* Fed. R. Civ. P. 12(f) (denoting only that allegations that are subject to Rule 12(f) "may" be stricken).

Courts in this district have held that the requirement that a complaint set forth sufficient factual matter allowing for a reasonable inference that the pleader is entitled to relief, as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), does not apply to affirmative defenses.  *See, e.g.*, *Alarid v. Biomet, Inc.*, No. 14-cv-02667-REB-NYW, 2015 WL 6376171, at *2 (D. Colo. Sept. 22, 2015); *see also Malibu Media, LLC v. Benson*, No. 13-cv-02394-WYD-MEH, 2014 WL 2859618, at *2 (D. Colo. June 20, 2014) (holding that "[a]n affirmative defense is sufficient if stated 'in short and plain terms' pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under any circumstance"); *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09-cv-02870-LTB-BNB, 2010 WL 865380, at *2 (D. Colo. Mar. 8, 2010) (finding it "reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given 20 days to respond to a complaint and assert its affirmative defenses" and concluding that not holding an affirmative defense to the Rule 8(a)(2) standard articulated in *Twombly* and *Iqbal* was "the better-reasoned approach . . . particularly in light of the disfavored status of motions to strike."); *cf. Unger v. U.S. W., Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995) ("An affirmative defense is

insufficient if, as a matter of law, the defense cannot succeed under any circumstance.").

Federal Rule of Civil Procedure 8(c), which discusses affirmative defenses, was modeled after the "then existing English and New York provisions," yet the rule "differs from both the common law and code practice in that it makes no attempt to define the concept of affirmative defense." 5 Fed. Prac. & Proc. Civ. § 1270 (4th ed. updated 2024). "Rather, [Rule 8(c)] obligates a defendant to plead affirmatively any of the eighteen listed defenses he or she wishes to assert; this is necessary even though some of them were not considered to be pleas by way of confession and avoidance at common law." *Id.* (footnote omitted). "An affirmative defense . . . is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." *Medina v. Cath. Health Initiatives*, No. 13-cv-01249-REB-KLM, 2015 WL 13614128, at *1 (D. Colo. May 13, 2015) (citing *Lane v. Page*, 272 F.R.D. 581, 601 (D.N.M. 2011)); *see also United States v. $114,700.00*, No. 17-cv-00452-CMA-GPG, 2017 WL 8792806, at *1 (D. Colo. Dec. 8, 2017) ("Affirmative defenses are generally those which, when a portion of the complaint is agreed to be true, still constitute a defense to the claimed conduct."), *report and recommendation adopted*, 2018 WL 655040 (D. Colo. Feb. 1, 2018). "It is the defendant's burden to plead an affirmative defense." *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ("the burden of pleading [affirmative defenses] rests with the defendant"); *Ghailani v. Sessions*, 859 F.3d 1295, 1306 (10th Cir. 2017) (the complaint need not anticipate affirmative defenses)).

## III. ANALYSIS

In its motion to strike, the EEOC asks the Court to strike defendants first, third through eighth, tenth through thirteenth, fifteenth through seventeenth, and nineteenth through twenty-seventh affirmative defenses.  Docket No. 56 at 1.  In its response, defendants state that they "do not object to removing certain of these defenses, but object to Plaintiff's arguments regarding some others."  Docket No. 64 at 1

### A. First, Fourth, Sixth Through Eighth, Tenth Through Thirteenth, Fifteenth Through Seventeenth, Nineteenth, Twentieth, Twenty-Sixth, and Twenty-Seventh Affirmative Defenses

The EEOC argues that defendants first, fourth, sixth through eight, tenth through thirteenth, fifteenth through seventeenth, nineteenth, twentieth, twenty-sixth, and twenty-seventh affirmative defenses should be struck because these defenses either (1) assert that the EEOC has failed to plausibly state its claims, (2) is a denial of facts alleged in the second amended complaint, or (3) is a reservation of rights to amend its complaint under Federal Rule of Civil Procedure 15.  Docket No. 56 at 11–15.  The EEOC maintains that none of these constitute affirmative defenses.  *Id.* (citing *A1 Garage Door Serv., LLC v. West*, No. 21-cv-01821-PAB-NRN, 2022 WL 952874, at *3 (D. Colo. Mar. 30, 2022) (striking affirmative defenses because plaintiff's "[f]ailure to state a claim is not an affirmative defense," but instead "seek[s] to negate the elements of the plaintiff's claim.").  Defendants agree that these are not affirmative defenses which must be pled in their answers.  Docket No. 64 at 9 ("Since none of these defenses had to be pled in the first place, and Plaintiff has admitted to receiving notice of them, Defendants do not object to the Court removing them from the Answers.").  Therefore, the Court will strike these affirmative defenses.

### B. Third Affirmative Defense

Defendants' third affirmative defense is that Ms. Denny and other class members were "at will" employees. Docket No. 49 at 14, ¶ 3. The EEOC argues that Ms. Denny's "at will" status is irrelevant to its Title VII claims because Title VII protects all employees from sex discrimination and retaliation. Docket No. 56 at 7 (citing 42 U.S.C. §§ 2000e–2000e-5; *Hansen v. Alta Ski Lifts Co.*, 141 F.3d 1184, 1998 WL 161147, at *2 (10th Cir. 1998) (unpublished table decision) ("Although Hansen was an at-will employee, at-will status does not preclude a plaintiff from bringing a Title VII retaliation claim." (citing *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1366–67 (10th Cir. 1997))). Defendants agree that whether Ms. Denny or other members of the class are at-will employees is not an affirmative defense that must be pled. Docket No. 64 at 6. Therefore, the Court will strike the third affirmative defense. Moreover, the Court agrees with the EEOC that whether Ms. Denny and other class members were at-will employees is immaterial to the EEOC's claims because Title VII applies regardless of the parties' contractual relationship. *Hansen*, 1998 WL 161147, at *2; *Sprague*, 129 F.3d at 1366–67; *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (Title VII applies "even when the employment is at-will" (citing *Whiting v. Jackson State Univ.*, 616 F.2d 116, 123 n.6 (5th Cir. 1980)). The third affirmative defense therefore raises an immaterial matter and, for this additional reason, the Court strikes the third affirmative defense. Fed. R. Civ. P. 12(f).

### C. Twenty-First Affirmative Defense

Defendants' twenty-first affirmative defense is that plaintiff's claims "may be barred in whole or in part by the doctrines of consent, estoppel, waiver, or unclean hands." Docket No. 49 at 16, ¶ 21. The EEOC argues that the alleged defense raises four separate equitable defenses and claims that these equitable defenses should be

9

struck.  Docket No. 56 at 6.  It asserts that, because defendants have failed to allege facts that show that the EEOC has engaged in conduct that would give rise to any of these defenses, the defenses cannot succeed under any circumstances.  *Id.*  Defendants respond that these defenses are directed towards Ms. Denny's conduct and the conduct of other class members, not the EEOC's conduct.  Docket No. 64 at 5.  However, defendants agree to have the affirmative defense of unclean hands stricken because defendants "are not pursuing the defense of unclean hands."  *Id.*

The EEOC replies that all of the equitable defenses cannot succeed under any circumstance because (1) an employee such as Ms. Denny cannot waive her rights under Title VII, Docket No. 65 at 4 (citing *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 51 (1974) ("[W]e think it clear that there can be no prospective waiver of an employee's rights under Title VII . . . [because] Title VII's strictures are absolute and represent a congressional command that each employee be free from discriminatory practices.")), and (2) an EEOC employee cannot waive the government's rights.  *Id.* at 5 (citing *Sanders v. Comm'r of Internal Revenue*, 225 F.2d 629, 634 (10th Cir. 1955) ("[i]t is . . . well established that the United States may not be estopped by the unauthorized acts of its agents nor may such agents waive the rights of the United States").  *Alexander* discussed only an employee's waiver through collective bargaining agreements, but not other forms of waiver, nor does it discuss the defenses of estoppel or consent.  *See Alexander*, 415 U.S. at 51.  Neither party has shown that equitable defenses based on an employee's conduct are applicable or inapplicable when the EEOC pursues the employee's discrimination claim.  However, on a Rule 12(f) motion, the EEOC must demonstrate that none of the defenses of consent, estoppel, or waiver

could be maintained under any set of circumstances. *Nacchio*, 438 F. Supp. 2d at 1287. It has failed to do so. Therefore, the Court will only strike that portion of affirmative defense twenty-one which raises the defense of unclean hands. *Sender*, 423 F. Supp. 2d at 1163 (an affirmative defense "should not be stricken if there is any real doubt about its validity, and the benefit of any doubt should be given to the pleader" (citation, quotations, and alterations omitted)).

### D. Fifth Affirmative Defense

Defendants' fifth affirmative defense is that "Ms. Denny's and the Class Members' injuries, damages, or losses, if any, were proximately caused by the acts or omissions of third parties over whom Defendant possessed no ability to control or right of control." Docket No. 49 at 14, ¶ 5. The EEOC argues that this defense should be stricken because it fails to provide adequate notice under the pleading standards of Federal Rule of Civil Procedure 8. Docket No. 56 at 5. In particular, the EEOC maintains that, because the defense does not identify the third parties that caused Ms. Denny's injuries, defendants raise an insufficient affirmative defense. *Id.* Defendants respond that their pleadings comply with the fair notice standard of Rule 8.[3] Docket No. 64 at 4–5.

---

[3] In its reply, the EEOC argues for the first time that defendants' third affirmative defense is an affirmative defense based on contributory negligence. Docket No. 65 at 3–4. The EEOC maintains that its claims are for intentional sex discrimination and that a "plaintiff's contributory negligence does not bar recovery against a defendant for a harm caused by conduct of the defendant which is wrongful because it is intended to cause harm to some legally protected interest of the plaintiff or a third person." *Id.* (quoting *EEOC v. Product Fabricators, Inc.*, 873 F.Supp.2d 1093, 1102–03 (D. Minn., 2012)). Because the EEOC raises this argument for the first time in its reply, the Court will not consider it. *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) ("a party waives issues and arguments raised for the first time in a reply brief." (quoting *Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011)).

The Court agrees with defendants that their answers provide the EEOC with fair notice under Rule 8(c) by identifying the affirmative defense that a third party caused Ms. Denny's or other class member's injuries, even if they do not identify the third parties. *See Artisan & Truckers Cas. Co. v. Am. Contracting Servs., Inc.*, No. 20-cv-01576-DDD-STV, 2020 WL 13627369, at *2 (D. Colo. Dec. 2, 2020) ("there is no requirement in Rule 8(c) to 'show any facts at all' when pleading an affirmative defense" (quoting *Charleswell v. Chase Manhattan Bank, N.A.*, 2009 WL 4981730, at *4 (D.V.I. Dec. 8, 2009)); *Dodd v. McDaniel*, 2017 WL 2536910, at *2 (M.D. Tenn. June 12, 2017) (a "lack of identification of third parties by names and of other details does not prevent an affirmative defense from putting a plaintiff on fair notice that third parties may be at fault" (citing *Rosada v. John Wieland Homes and Neighborhoods, Inc.*, 2010 WL 1249841, at *4 (M.D. Fla. March 25, 2010) (failure to identify third parties by name does not prevent a comparative-fault defense from adequately putting plaintiff on notice that third parties may be at fault)). Therefore, the Court will not strike defendants' fifth affirmative defense.

### E. Twenty-Second Affirmative Defense

Defendants' twenty-second affirmative defense is that the EEOC "may not seek relief on behalf of the Class Members beyond Ms. Denny and beyond the wrongdoing alleged in Ms. Denny's Charge of Discrimination because Plaintiff did not discover such class members and other alleged unlawful acts during its underlying investigation." Docket No. 49 at 16, ¶ 22. The EEOC argues that this affirmative defense cannot succeed under any circumstances because it is contrary to law. Docket No. 56 at 7. First, it claims that, under Tenth Circuit precedent, "[a]t the discovery stage, the EEOC should be allowed to seek proof of the effect on other [potential aggrieved individuals]."

12

*Id.* at 7–8 (citing *EEOC v. St. Louis-San Francisco Railway*, 743 F.2d. 739, 744 (10th Cir. 1984); *EEOC v. N.M. Dep't of Corr.*, 2017 WL 6001752, at *4 (D.N.M. Dec. 4, 2017) (holding the "EEOC may then conduct additional discovery [after filing suit] to determine the impact of the alleged discrimination"); *Ariz. ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1204–05 (9th Cir. 2016).  Second, the EEOC maintains that, unlike individuals, who "are bound in a significant way by the charges they file with the EEOC, a civil enforcement suit by the EEOC is not closely circumscribed by those charges, because the EEOC, after all, is enforcing the broad rights of the public as a whole, rather than those of a few individuals."  *Id.* at 8 (quoting *E.E.O.C. v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250, 1262 (D. Colo. 2007)).

Defendants respond to the EEOC's arguments regarding their twenty-second through twenty-fifth affirmative defenses collectively.  *See* Docket No. 64 at 6–8. Defendants agree that these defenses are not affirmative defenses that must be pled, but instead concern factual disputes regarding whether the EEOC has complied with its statutory obligations before filing suit in this case.  *Id.*  Regarding their twenty-second affirmative defense, defendants maintain that, under *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 488 (2015), the EEOC was required to "tell the employer about the claim— essentially, what practice has harmed *which person or class*—and must provide the employer with an opportunity to discuss the matter in an effort to achieve voluntary compliance."  *Id.* at 7.  Defendants assert that, prior to the EEOC filing the first amended complaint, defendants were unaware that the EEOC was seeking class-wide relief and therefore did not have fair notice of the scope of the EEOC's claims.  *Id.* at 7–8.

13

The Court finds that the EEOC has failed to demonstrate that defendant's twenty-second defense cannot succeed under any circumstance. The court in *Outback Steak House* stated that its "finding that the EEOC is not closely bound to the specifics of the original charge does not mean that the EEOC may bring a civil action regarding any discrimination it uncovers in the course of an investigation. Instead, . . . the EEOC must give adequate notice to a defendant-employer of the nature of the charges against it, as well as an opportunity to resolve all charges through conciliation." *Outback Steak House*, 520 F. Supp. 2d at 1263; *see also Equal Emp. Opportunity Comm'n v. Columbine Mgmt. Servs., Inc.*, No. 15-cv-01597-MSK-CBS, 2016 WL 4401035, at *5 (D. Colo. Aug. 16, 2016) (the "original charge is sufficient to support EEOC administrative action, as well as an EEOC civil suit, for any discrimination stated in the charge itself or discovered in the course of a reasonable investigation of that charge*,* provided such additional discrimination was included in the EEOC 'reasonable cause' determination and was followed by compliance with the conciliation procedures of Title VII" (emphasis and alterations omitted)); *U.S. Equal Emp. Opportunity Comm'n v. IL Fornaio (Am.) LLC*, 2024 WL 5316236, at *5 (C.D. Cal. Nov. 14, 2024) ( the "'EEOC may seek relief on behalf of individuals beyond the charging part[y] and for alleged wrongdoing beyond those originally charged' that it uncovers during its investigation so long as there is a reasonable nexus between the initial charge and the subsequent allegations in the complaint" (citing *EEOC v. Dillard's Inc.*, 2011 WL 2784516, at *6 (S.D. Cal. July 14, 2011) ("The question here is not whether the EEOC completed the pre-litigation steps outlined in Title VII, but whether the nature and scope of the EEOC's pre-litigation efforts were sufficient to put Dillard's on notice that it potentially faced claims arising

14

from a nationwide class of current and former employees.")).  The Court therefore rejects the EEOC's argument that defendants' twenty-second affirmative defense should be dismissed because it cannot be maintained under any circumstance.  However, defendants state that none of its twenty-second through twenty-fifth "defenses are affirmative defenses" and that "Defendants have no issue removing these statements from the Answers."  Docket No. 64 at 6–7.  Therefore, the Court will strike defendants' twenty-second affirmative defense because it is not an affirmative defense, although defendants may raise the issue of whether they had adequate notice of the class-wide claims in the future.

### F. Twenty-Third and Twenty-Fourth Affirmative Defenses

The EEOC seeks to dismiss defendants' twenty-third and twenty-fourth affirmative defenses.  Docket No. 56 at 8–11.  These affirmative defenses are as follows:

> 23. Plaintiff did not satisfy its administrative prerequisites with respect to Defendant.
>
> 24. Plaintiff did not provide legally sufficient notice to Defendant of the scope of the allegations or claims against it during Plaintiff's investigation.

Docket No. 49 at 16, ¶¶ 23–24.  The EEOC argues that it has complied with the pre-litigation statutory requirements of Title VII.  Docket No. 56 at 9–10.  It claims that the Letter of Determination that the EEOC sent to defendants and certain admissions in defendants' answers demonstrate that the EEOC complied with the statutory prerequisites to filing suit.  *Id.*  The EEOC attaches a copy of the Letter of Determination and argues that the Court can consider the letter's contents because, "[w]hen a document is referred to in the complaint and is central to the plaintiff's claim, the court has discretion to consider the document as part of the pleadings."  *Id.* at 9 (quoting *U.S.*

15

*Olympic Comm. v. Am. Media, Inc.*, 156 F. Supp. 2d 1200, 1204 (D. Colo. 2001)).  First, *U.S. Olympic Comm.* addressed whether a court can consider documents outside the pleadings when ruling on a Rule 12(b)(6) motion, not a Rule 12(f) motion.  156 F. Supp. 2d at 1204.  The EEOC provides no support for the proposition that the Court can, or should, engage in the kind of fact finding it suggests on a Rule 12(f) motion.  Second, as discussed above, whether the EEOC satisfied its statutory obligations is relevant to the scope of the claims it can pursue in this litigation.  Finally, the EEOC has failed to demonstrate that these defenses cannot succeed under any circumstance, given that there appears to be a dispute of fact regarding the sufficiency of defendants' notice regarding the EEOC's claims.  *Chavez*, 423 F. Supp. 3d at 1108 (plaintiff must show the affirmative defense "cannot succeed under any circumstance").  Therefore, the Court will not strike defendants' twenty-third and twenty-fourth defenses on this basis.  However, as discussed earlier, defendants have conceded that these are not true affirmative defenses and do not object to the Court striking them from the pleadings.  Accordingly, the Court will strike defendants' twenty-third and twenty-fourth defenses because they are not affirmative defenses, although defendants may raise the issue of whether the EEOC complied with its statutory prelitigation obligations in the future.

### G. Twenty-Fifth Affirmative Defense

Defendants' twenty-fifth affirmative defense is that "Plaintiff failed in whole or in part to satisfy its statutory obligation to conciliate in good faith with Defendant before filing suit in violation of 42 U.S.C.[ ] § 2000e-5(b)."  Docket No. 49 at 16, ¶ 25.  The EEOC argues that, under *Mach Mining*, 575 U.S. at 490–94, it has no duty to conciliate "in good faith" with defendants.  Docket No. 56 at 10.  Defendants respond that there is

an issue of fact as to whether the EEOC satisfied its statutory obligations before filing suit.  Docket No. 64 at 8.

In *Mach Mining*, the Supreme Court stated that courts "may review whether the EEOC satisfied its statutory obligation to attempt conciliation before filing suit," but that the scope of review is "narrow" and allows for "expansive discretion."  *Mach Mining*, 575 U.S. at 483, 489.  The "barebones review," *id.* at 494, requires that "the EEOC afford the employer a chance to discuss and rectify a specified discriminatory practice – but goes no further."  *Id.* at 489.  The "EEOC must: (1) inform the employer about the specific allegation, describing both what the employer has done and which employees (or what class of employees) have suffered as a result, and (2) engage the employer in some form of discussion (whether written or oral), so as to give the employer an opportunity to remedy the allegedly discriminatory practice."  *Equal Emp. Opportunity Comm'n v. DolGenCorp, LLC*, 2024 WL 402921, at *11 (E.D. Okla. Feb. 2, 2024) (citation, quotation, and alterations omitted)).  In *Mach Mining*, the Court declined to construe Title VII to incorporate the "good faith" conciliation standard in the National Labor Relations Act.  *Mach Mining*, 575 U.S. at 490.

The Court finds that it is unnecessary to resolve whether defendants' twenty-fifth affirmative defense seeks judicial review beyond the scope provided for in *Mach Mining*.  Because defendants agree that their twenty-fifth defense is not an affirmative defense which must be pled and do not object to the Court striking the defense, Docket No. 64 at 6–8, the Court will strike the defense.  However, the parties may seek review of the conciliation process in this case to the extent permitted by *Mach Mining*.

IV. **CONCLUSION**

For the foregoing reasons, it is

17

**ORDERED** that Plaintiff EEOC's Motion to Strike Affirmative Defenses [Docket No. 56] is **GRANTED in part** and **DENIED in part**.  It is further

**ORDERED** that defendants' first, third, fourth, sixth through eighth, tenth through thirteenth, fifteenth through seventeenth, nineteenth, twentieth, and twenty-second through twenty-seventh affirmative defenses, as well as defendant's twenty-first affirmative defense to the extent it raises the defense of unclean hands, are **STRICKEN**.

DATED March 18, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge